**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene Anderson,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MCSO, et al.,<br><br>　　　　Defendants. | No. CV 05-3892-PHX-JAT<br><br>**ORDER** |

　　　　On June 28, 2006, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. #6) recommending that this case be dismissed, with prejudice.[1]

　　　　Neither party has filed objections to the R&R.[2] Typically, the Court could accept the R&R.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (finding that district courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection" (emphasis added)); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) ("statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise" (emphasis in original));  *see also Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003).

---

　　[1] The Magistrate Judge did not specifically denote "with prejudice."  However, a dismissal is with prejudice unless the Court indicates otherwise.  Fed. R. Civ. Pro. 41(b).

　　[2] Defendant has not been served and has not appeared.

However, the Magistrate Judge instructed this Court to complete an "independent review" before adopting the R&R. Upon such independent review, the Court determines that dismissal without prejudice is appropriate.

**FAILURE TO PROSECUTE**

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court appraised of his current address, and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions."

1  *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

2      Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure
3  to keep the Court informed of his address or to actively participate in this case prevents the
4  case from proceeding in the foreseeable future. The fourth factor, as always, weighs against
5  dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is
6  available. Without Plaintiff's current address, however, certain alternatives are bound to be
7  futile. Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an
8  order imposing sanctions would only find itself taking a round trip tour through the United
9  States mail." 856 F.2d at 1441.

10      The Court finds that only one less drastic sanction is realistically available. Rule 41(b)
11  provides that a dismissal for failure to prosecute operates as an adjudication upon the merits
12  "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, a
13  dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can
14  be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil
15  Procedure.

16      Accordingly,

17      **IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. #6)
18  is **ACCEPTED AS MODIFIED** above; and

19      **IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT**
20  **PREJUDICE** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b); and
21  the clerk of the court shall enter judgment accordingly.

22      DATED this 12th day of September, 2006.

                                                      James A. Teilborg
                                                      United States District Judge